IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DONTIA ROSHAWN SWEET, ) <br> ) <br> Defendant. ) | Case No. CR-18-193-SLP <br> CIV-25-95-SLP |

**O R D E R**

Before the Court are two related motions.  First, Defendant Dontia Roshawn Sweet filed a Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(l)(A) [Doc. No. 38].  The Government filed a Response in Opposition [Doc. No. 43].  Thereafter, the Court notified Defendant that it intended to construe his Motion as one seeking, at least in part, postconviction relief pursuant to 28 U.S.C. § 2255.  *See* [Doc. No. 50].  The Court also granted Defendant leave to file an amended § 2255 motion.  *See id.* at 4.  Defendant subsequently filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 52].[1]

---

[1] Defendant also sent a letter asking the Court to appoint an attorney on his behalf.  *See* [Doc. No. 51].  A Defendant has a right to counsel on direct appeal, but that right does not extend to  collateral proceedings.  *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006); *United States v. Snitz*, 342 F.3d 1154, 1158 (10th Cir. 2003).  Although appointment of counsel is required for an evidentiary hearing, there is no need for a hearing in this case. Rule 8(c), Rules Governing § 2255 Proceedings in the United States District Courts.  Otherwise, appointment of counsel is permitted in the interests of justice.  *See* 18 U.S.C. § 3006A(a)(2).  In determining whether to appoint counsel under this standard, the Court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).  Because Defendant has adequately presented the issues, which are not particularly complex, the Court finds no need to

As set forth in both the Initial Motion [Doc. No. 38] and Amended Motion [Doc. No. 52], Defendant claims his sentence was improperly enhanced under 18 U.S.C. § 924(e)(1) because his prior state-court convictions no longer qualify as serious drug offenses.[2] The Government argues Defendant's attempts to collaterally attack his sentence are untimely.[3] *See* [Doc. No. 43] at 5. The Court agrees.

A federal prisoner may seek an order "to vacate, set aside or correct [his] sentence" if it "was imposed in violation of the Constitution or laws of the United States," or "was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In most cases, including this one, § 2255 motions must be filed within one year after "the date on which the judgment of conviction becomes final."[4] 28 U.S.C.

---

appoint counsel in this case.

[2] The Amended Motion frames the same arguments raised in the Initial Motion as two separate grounds for relief. *See* [Doc. No. 52] at 3 (arguing counsel was ineffective by failing to confirm "if [Defendant's] Oklahoma state priors met the requirements for the ACCA enhancement"); *id* at 4 (arguing his 2008 state conviction is not a "categorically [] serious drug offence [sic]" that can be used to support an ACCA enhancement). As explained below, both motions are time-barred.

[3] The Government argues Defendant's claim is also subject to a procedural bar because he did not raise the issue on direct appeal. *See* [Doc. No. 43] at 5 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). Because the Court finds the claims are time-barred, it need not decide whether they are also procedurally barred.

[4] Section 2255(f)(3) permits the filing of a motion within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant relies on *United States v. Cantu*, 964 F.3d 924 (10th Cir. 2020), which is not a Supreme Court decision and therefore cannot trigger the deadline in subsection (f)(3). *See United States v. Thompson*, No. 21-6060, 2022 WL 245946, at *1 (10th Cir. Jan. 27, 2022). Similarly, § 2255(f)(4) imposes a one-year deadline from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." But because "a change or clarification in existing law is not a fact that opens the one-year limitations window," this subsection is inapplicable to Defendant's Motion. *Thompson*, 2022 WL 245946, at *1 (agreeing § 2255 motion was untimely where defendant relied on *Cantu* to argue his sentence was

§ 2255(f)(1).

The Court entered judgment on March 13, 2019. *See* [Doc. No. 33]. Defendant did not file an appeal, so his conviction became final fourteen days later, on March 27, 2019. *See* Fed. R. App. P. 4(b); *see also United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). The one-year limitations period began to run on March 28, 2019 and expired on March 30, 2020.[5] *See United States v. Hurst*, 322 F.3d 1256, 1259–60 (10th Cir. 2003); *Carter v. Clayton*, No. 21-7049, 2022 WL 484033, at *3 (10th Cir. Feb. 17, 2022). Defendant did not file his initial Motion until October 20, 2023, roughly three and a half years after the expiration of this deadline. *See* [Doc. No. 38]. And he did not file his amended Motion until January 21, 2025. *See* [Doc. No. 52]. Accordingly, neither motion was filed within § 2255(f)(1)'s one-year period.

Nevertheless, the one-year period may be subject to equitable tolling.[6] "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008)

---

improperly enhanced).

[5] March 28, 2020 was a Saturday, so Defendant had until March 30, 2020 to file his motion. *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003*)* ("The general rule for computing time limitations in federal court is Federal Rule of Civil Procedure 6(a)." (quotation omitted)).

[6] The one-year period may also be subject to statutory tolling. Defendant does not identify basis for statutory tolling, however, nor is one apparent to the Court.

(quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).  In his Amended Motion, Defendant explains that he "was sent to state prison on 5/8/2019 until 7/20/2020" and had "no federal law access."[7]  [Doc. No. 52] at 6; *see also id.* at 10.  The Court liberally construes this explanation as a request for equitable tolling.

But "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling."  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *see also United States v. Daniels*, No. 22-4084, 2023 WL 6629756, at *1 n.2 (10th Cir. Oct. 12, 2023) ("The equitable tolling analysis is identical whether a court is reviewing a motion under 28 U.S.C. §§ 2244, 2254, or 2255.").  The Motion "provide[s] no specificity regarding the alleged lack of access and the steps [Defendant] took to diligently pursue his federal claims."  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (affirming dismissal of § 2254 petition on timeliness grounds).  Thus, neither motion is subject to equitable tolling.

Nor are Defendant's arguments sufficient to raise a "gateway" claim of actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  Defendant "does not claim to be actually innocent of the offense for which he was convicted; he claims only that he should have received a lesser sentence."  *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993).  But "[a] person cannot be actually innocent of a noncapital sentence."  *Id.*; *see also United States v. Thompson*, No. 21-6060, 2022 WL 245946, at *1 (10th Cir. Jan. 27, 2022) (denying COA where district court rejected argument that defendant was actually innocent

---

[7] The Amended Motion does not address the period between March 28, 2019 (the date Defendant's conviction became final) and May 8, 2019 (the date he alleges he "was sent to state prison," [Doc. No. 52] at 6) or explain why he could not have filed his § 2255 motion during that time period.

4

of § 924(e) enhancement). Accordingly, Defendant's attempts to collaterally attack his sentence under § 2255 are untimely and subject to dismissal.

Finally, Defendant's remaining arguments fall short of establishing extraordinary and compelling circumstances warranting compassionate release under § 3582(c)(l)(A). Defendant primarily argues he "could no longer qualify as an armed career criminal," which creates a "disparity between the sentence [Defendant] received and the sentence now given to similarly situated defendants." [Doc. No. 38] at 1–2. But, as previously explained, those arguments are properly asserted under § 2255 and cannot be considered as part of the compassionate release framework. *See United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2649 (2024). Once those arguments are stripped away, the only remaining facts relate to Defendant's rehabilitation efforts. *See* [Doc. No. 38] at 6–7. While the Court commends Defendant for his success during his incarceration, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" justifying compassionate release. 28 U.S.C. § 994(t).

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(l)(A) [Doc. No. 38] is DISMISSED in part and DENIED in part, as set forth herein.

IT IS FURTHER ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 52] is DISMISSED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability

5

("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make this showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Manzanares*, 956 F.3d 1220, 1226–27 (10th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, where a claim is dismissed on procedural grounds without reaching the merits, the movant must also show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Upon review, the standard is not met in this case. Therefore, a COA is DENIED, and the denial shall be included in the judgment.

    IT IS SO ORDERED this 31st day of January, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE